# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

JENNIFER HORN,

    Plaintiff,

v.                                                                                                                        Civ. No. 18-CV-1129-MV-SCY

GUGLIELMO & ASSOCIATES PLLC,
LVNV FUNDING, LLC, and DONALD
MEISINGER, its Collection Agency Member

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand to State Court Due to $48,500 Offer on November 8 and Lack of Diversity. [Doc. 6]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

On September 21, 2018, Plaintiff Jennifer Horn filed this action in state court against Defendant Guglielmo & Associates PLLC, Defendant LVNV Funding, LLC, and Defendant Donald Meisinger, its Collection Agency Member. Plaintiff asserts in her complaint a claim under the New Mexico Unfair Trade Practices Act, NMSA 1978 §§ 57-12-1 to -26 ("UPA"), which provides a plaintiff the ability to recover treble damages, and she further brings claims for restitution, disgorgement, and unjust enrichment damages. Plaintiff alleges that Defendants made her social security number, signature, and bank account number public, and thus are in violation of the UPA. The face of the complaint does not refer to any monetary amounts.

On November 8, 2018, Plaintiff made a settlement offer of $48,500. On December 3, 2018, Defendants filed a notice of removal asserting that the Court has diversity jurisdiction because the

parties are citizens of different states and the matter in controversy exceeds $75,000. On December 18, 2018, Plaintiff made a second settlement offer for $45,000. On that same day, Plaintiff filed the present motion to remand.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *see also Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Id.*

Defendants removed this case to federal court based on diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). When analyzing a removal based on diversity jurisdiction, the amount in controversy "is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) ("[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint."). A matter may be remanded to state court if the federal court lacks subject matter jurisdiction (such as diversity jurisdiction). 28 U.S.C. § 1447(c). Where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on the defendant seeking removal to prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). "The burden of

establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

"[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *Id.* at 955 (emphasis in original). The Tenth Circuit has held that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "Moreover, there is a presumption against removal jurisdiction." *Id.* (citation omitted). A defendant seeking removal can establish jurisdictional facts by a preponderance in a number of ways:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006)).

## DISCUSSION

### I. The Court does not have Diversity Jurisdiction because the Matter in Controversy does not Exceed $75,000.

Defendants argue that this Court has federal diversity jurisdiction because the parties are diverse as Defendant Meisinger was fraudulently joined, and thus, his citizenship should be disregarded, and the amount in controversy exceeds $75,000. The Court will first analyze whether the amount in controversy exceeds $75,000, and if the amount in controversy does not exceed $75,000, the Court will remand to state court. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F. 2d 842, 844 (10th Cir. 1988) ("A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." (quoting *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974)), *cert. denied*, 489 U. S. 1080 (1989)).

Defendants contend that the amount in controversy exceeds $75,000 because Plaintiff brings a claim under the UPA, which provides a plaintiff the ability to recover treble damages, and because Plaintiff brings a claim for restitution, disgorgement, and unjust enrichment damages. To demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000, Defendants provide the Court with two affidavits that make a blanket statement that the amount in controversy exceeds $75,000. Specifically, both affidavits state that the matter in controversy "is over $75,000." *See* Aff. of Paul D. Guglielmo, ECF No. 7-1, ¶ 4; and Aff. of June Choi-Bell, ECF No. 7-2, ¶ 3. On the other hand, Plaintiff argues that the amount in controversy does not exceed $75,000 because she offered to settle the case twice, first for $48,500 and again for $45,000, and as a result, she stipulates that the amount in controversy is less than $75,000, exclusive of interests and costs.

The Court finds that Defendants have not shouldered the burden to prove by a preponderance of evidence that the matter in controversy exceeds $75,000. The claim under the UPA, the potential for treble damages and claims for restitution, disgorgement, and unjust enrichment damages alone are not enough to meet the jurisdictional threshold. *See Cordova v. Jenkins*, No. CV 16-460 KG/KBM, 2018 WL 6519131, at *3 (D.N.M. Dec. 11, 2018) (finding that even with treble, punitive and compensatory damages jurisdictional amount was not met for $1,062.50 in allegedly fraudulent attorney's fees). Defendants have not demonstrated a monetary

value supported by facts or evidence that would demonstrate that the amount in controversy exceeds $75,000.

The Court finds Plaintiff's settlement offers most compelling in determining the jurisdictional amount. A plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *Id.* (relying on *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) (Easterbrook, J.)). Plaintiff here offered to settle the matter for less than the jurisdictional amount twice, once before removal occurred and again after removal occurred. Plaintiff's proposed settlement amounts appear to reflect a reasonable estimate of her claim because she does not allege severe harm. Plaintiff's cause of action arises from the publication of her social security number, signature, and bank account number. Defendants do not guide the Court on how to find that the substance and nature of the injuries and damages described in the pleadings exceed $75,000. *See Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (finding that "courts may consider the substance and nature of the injuries and damages described in the pleadings[. . .]" to determine that matter in controversy exceeds $75,000 (citing *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 882–83 (5th Cir.2000); *Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 850–51 (5th Cir.1999); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429–30 (7th Cir.1997); *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir.1997)); *see also Hilley v. Walgreen Co.*, No. 10CV00325 WJ/WDS, 2010 WL 11619271, at *2 (D.N.M. July 1, 2010) (finding that demand letter demanding

$750,000 in damages in combination with severe allegations in complaint met jurisdictional amount by a preponderance of evidence).

Since the amount in controversy could not be ascertained based on the contents of the initial pleading, Defendants were required in its notice of removal to "show how much is in controversy through other means." *McPhail*, 529 F.3d at 955. Defendants failed to do so. Defendants do not provide any facts or evidence in the notice of removal or through other means that would demonstrate that Plaintiff's damages exceed $75,000. Finally, Defendants' affidavits are self-serving, and do not provide any facts that would demonstrate that the amount in controversy exceeds $75,000. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995). Therefore, the amount in controversy does not exceed the jurisdictional threshold and, for this reason alone, this Court does not have diversity jurisdiction. Because the amount in controversy requirement for diversity jurisdiction has not been met, the Court need not reach the issue of whether there is complete diversity among the parties.

**II.     The Court will not Award Attorney's Fees because Defendants had Reasonable Arguments Supported by Authority.**

Under 28 U.S.C. Section 1447(c), the Tenth Circuit has limited district courts' discretion to impose costs and fees to those cases in which the removal was objectively unreasonable. *See Garret v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) ("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). "The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 17 F.3d 318, 322 (10th Cir. 1997).

Here, Defendants made reasonable arguments and cited authority that supported the conclusion that the case could be removed to federal court. *See Archuleta v. Taos Living Ctr., LLC*,

791 F. Supp. 2d 1066, 1082 (D.N.M. 2011) (finding that the plaintiff was not entitled to costs and attorney's fees incurred as a result of the defendant's removal where the defendant made good-faith arguments with supporting authority). Therefore, attorney's fees are not warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand to State Court Due to $48,500 Offer on November 8 and Lack of Diversity [Doc. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Attorney's Fees request is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of this Court will take the necessary actions to **REMAND** the case to the First Judicial District Court, County of Santa Fe, New Mexico.

DATED this 28th day of May, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE